IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GREGORY LOUIS THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV 124-198 |
| ) | |
| PRACTITIONER CROSBY; DOCTOR ) | |
| HOLLAND; NURSE CLARK; NURSE ) | |
| MALONE; NURSE STONE; NURSE ) | |
| PURDIE; and CHARLES B. WEBSTER ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

_____

**O R D E R**

_____

Plaintiff is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's motion to appoint counsel, (doc. no. 13), and motion for extension of time, (doc. no. 15).

I.  **MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff moves for the appointment of counsel, arguing he is unable to afford counsel, his incarceration greatly limits his ability to litigate, the issues involved in this case are complex, he has limited access to legal resources, and counsel would better enable him to present evidence and cross-examine witnesses at trial. (Doc. no. 13.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't

of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his demonstrated ability to file a complaint, motions, and other filings. (See, e.g., doc. nos. 1-2, 8, 13-15.) Moreover, at this early stage of the case, any concerns about presentation of evidence at trial are premature. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 13.)

II.     **MOTION FOR EXTENSION OF TIME**

Plaintiff also moves for an extension of time to provide identifying information for each Defendant to the U.S. Marshal to assist with their effectuation of service and for Plaintiff to "obtain a lawyer from courts." (Doc. no. 15.) As explained *supra*, Plaintiff is not entitled to appointed counsel. Should an attorney elect to represent Plaintiff as retained counsel or *pro bono*, they may make a notice of appearance in this case, but there is no basis at this time for the Court to extend any deadlines in the case for Plaintiff to seek representation.

As to Plaintiff's concerns about needing an extension of time to provide the "full name, address[, etc.] for the U.S. Marshal[] to serve [] each defendant," such concern is premature.

2

(Id.)  While it is Plaintiff's responsibility to provide sufficient information for the Marshal to identify and locate Defendants to effectuate service, (see doc. no. 11, p. 6), Plaintiff need not provide any additional information beyond that provided in his complaint unless the Marshal is unable to effectuate service using the information already available.  The Court will extend the service deadline, if necessary, after receipt of an update from the Marshal.  Thus, because there is no need for an extension of the service deadline at this time, Plaintiff's motion is **DENIED**.  (Doc. no. 15.)

SO ORDERED this 21st day of February, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3